# United States District Court, Northern District of Illinois

| Name of Assigned Judge or Magistrate Judge | Amy J. St. Eve | Sitting Judge if Other than Assigned Judge | |
|---|---|---|---|
| **CASE NUMBER** | 08 C 3518 | **DATE** | 6/24/2008 |
| **CASE TITLE** | USA FAB, Inc vs. Hartford Casualty Ins Co. | | |

**DOCKET ENTRY TEXT**

Defendant must file a supplemental submission setting forth a basis for federal jurisdiction no later than July 1, 2008.

■[ For further details see text below.]   Notices mailed by Judicial staff.

## STATEMENT

On June 19, 2008, Defendant Hartford Casualty Insurance Company removed this action from the Circuit Court of Cook County, asserting that the Court has jurisdiction to hear this case pursuant to the jurisdictional grant in 28 U.S.C. §1332. (R. 1-1, Notice of Removal at ¶6.) In support of this contention, Defendant alleges (1) that Plaintiff U.S.A. FAC, Inc. "is an Illinois corporation residing in Cook County, Illinois," and (2) that Defendant "is an Indiana corporation with its principle [*sic*] place of business located in Hartford, Connecticut." (*Id.*)

After examining the notice of removal at the outset as it must, *see Cook v. Winfrey*, 141 F.3d 322, 325 (7th Cir. 1998), the Court finds that the jurisdictional allegations are deficient. *See also Meyerson v. Harrah's East Chicago Casino*, 299 F.3d 616, 617 (7th Cir. 2002) ("enjoin[ing] upon bench and bar alike the importance of scrupulous adherence to the limitations on the subject-matter jurisdiction of the federal courts"). In particular, the notice of removal makes no allegations whatever regarding Plaintiff's principal place of business, an essential component of jurisdiction under 28 U.S.C. §1332. *See, e.g., American Inter-Fidelity Exchange v. American Re-Insurance Co.*, 17 F.3d 1018, 1020-21 (7th Cir. 1994) ("The complaint alleged that American Inter-Fidelity is an Indiana corporation with its principal place of business in Indiana and that American Re-Insurance is a Delaware corporation licensed to do business in Indiana. These allegations do not establish diversity of citizenship, because they do not reveal defendant's principal place of business."); *see also* 28 U.S.C. §1332(c) ("a corporation shall be deemed to be a citizen of any State by which it has been incorporated and of the State where it has its principal place of business"). Accordingly, the Court will afford Defendant an opportunity to cure this deficiency through a supplemental submission. *See* 28 U.S.C. §1653 ("[d]efective allegations of jurisdiction may be amended, upon terms, in the trial or appellate courts"); *see also Guaranty Nat. Title Co., Inc. v. J.E.G. Assocs.*, 101 F.3d 57, 58 (7th Cir. 1996). Defendant must file its supplemental submission no later than July 1, 2008. Failure to timely file a supplement will result in remand.

| | Courtroom Deputy Initials: | KF |
|---|---|---|