# IN THE UNITED STATES DISTRICT COURT
## FOR THE NORTHERN DISTRICT OF ILLINOIS
### EASTERN DIVISION

| | | |
|---|---|---|
| U.S.A. FAB, INC. an Illinois corporation, | ) | |
| Plaintiff, | ) ) | |
| v. | ) ) | No. 08 cv 03518 |
| HARTFORD CASUALTY INSURANCE COMPANY, a foreign corporation, | ) ) ) ) | |
| Defendant. | ) | |

## HARTFORD'S ANSWER TO COMPLAINT

NOW COMES the Defendant, HARTFORD CASUALTY INSURANCE COMPANY, a

foreign corporation, by its attorneys, Fisher Kanaris, PC and answering Plaintiff, U.S.A. FAB,

INC's Complaint, states as follows:

1.      Plaintiff U.S.A. FAB, INC. was, at all times pertinent, a corporation duly created

under the laws of the State of Illinois and engaged in business at 501 W. Algonquin Road in Mount

Prospect, Cook County, Illinois.

**ANSWER:**      Defendant neither admits nor denies the allegations of Paragraph 1 but demands strict proof of said allegations.

2.      Defendant HARTFORD CASUALTY INSURANCE COMPANY is not, and was at

all times pertinent, a foreign corporation authorized to engage in the insurance business in the State

of Illinois with offices located in Naperville, Illinois and who has designated the Illinois Department

of Financial & Professional Regulation, Division of Insurance in Chicago, Cook County, Illinois to

accept service of process.

**ANSWER:**      Defendant neither admits nor denies the allegations of Paragraph 2, as the allegations contained in Paragraph 2 are vague and ambiguous. Defendant further states that Hartford is an Indiana corporation with its principal place of business in Hartford,

Connecticut. Defendant further states that it does have an office in Naperville, Illinois and has designated the Illinois Department of Financial & Professional Regulation to accept service of process on its behalf.

3.      On or about May 5, 2005, in consideration of premiums then paid to it by Plaintiff,

Defendant made, executed and delivered to Plaintiff a certain Hartford Spectrum Business Insurance

Policy under Policy Number 83 SBA PP9791 SA insuring the Plaintiff, among other things, from

loss to business property and income for amounts up to Six Hundred Forty-Five Thousand

($645,000.00) Dollars. A copy of that portion of Policy No. 83 SBA PP9791 SA pertaining to the

coverages concerning loss to business property and income is attached hereto as **Exhibit "A"**.

**ANSWER:**      Defendant only admits that it issued a business policy of insurance, No. 83 SBA PP9791, to its insured U.S.A. FAB, INC., with a policy period of May 6, 2005 to May 6, 2006, subject to its terms, conditions, limitations and exclusions ("The Policy"). To the extent that the allegations contained in Paragraph 3 of Plaintiff's Complaint vary or contradict the terms of the Policy, Hartford denies the same. Defendant denies the remaining allegations of Paragraph 3.

4.      On or about July 21, 2005, while the foregoing policy was in full force and effect

and while Plaintiff was so insured by Defendant, the Plaintiff suffered an explosion at its business

premises in Mount Prospect, Illinois which did not happen or take place by means of any intentional

act of the plaintiff or anyone on its behalf. As a result of this explosion, the Plaintiff sustained

damages in an amount estimated to be at least $304,284.49.

**ANSWER:**      Plaintiff states that on or about July 21, 2005, damage related to fire was incurred at the insured's premises. Defendant further states that it issued a business policy of insurance, No. 83 SBA PP9791, to its insured U.S.A. FAB, INC., with a policy period of May 6, 2005 to May 6, 2006, subject to its terms, conditions, limitations and exclusions ("The Policy"). To the extent that the allegations contained in Paragraph 4 of Plaintiff's Complaint vary or contradict the terms of the Policy, Hartford denies the same. Defendant denies the remaining allegations of Paragraph 4.

5.     Plaintiff gave the Defendant due and timely notice of the loss and further submitted Sworn Statement In Proof Of Loss on December 20, 2005 through its Licensed Public Adjuster, Musick Loss Management, inc. A copy of the correspondence sent to Defendant by Musick Loss Management, Inc on behalf of the Plaintiff with enclosures including the Sworn Statement In Proof Of Loss executed by Paolo Giovagnoli an behalf of the Plaintiff is attached hereto as **Exhibit "B"**.

**ANSWER**:     Defendant denies the allegations contained in paragraph 5.

6.     Plaintiff duly kept and performed all the policy's terms and conditions on its part to be kept and performed and it thereupon became the duty of the Defendant HARTFORD CASUALTY INSURANCE COMPANY to timely pay the Plaintiff for those losses incurred by the Plaintiff as a result of the explosion at its business premises.

**ANSWER**:     Defendant denies the allegations contained in Paragraph 6.

7.     On April 11, 2008 the law offices of Heytow & Warnick, P.C. located at 111 West Washington Street in Chicago, Cook County, Illinois mailed, via Certified Mail and regular mall, a certain letter dated April 11, 2008 purportedly executed on behalf of the Defendant for the purpose of notifying Plaintiff's counsel that Defendant was denying all coverage for the loss based upon various false accusations that, among other things, Plaintiff concealed, made material misrepresentations or committed fraud in the Sworn Statement In Proof Of Loss concerning the cause and origin of the loss and the circumstances of the loss as well as false accusations that Plaintiff failed to comply with the terms of the policy regarding an examination under oath and the submission of books and records. A copy of said correspondence is attached hereto as **Exhibit "C"**.

**ANSWER**:     Defendant states that the letter attached to Plaintiff's complaint as Exhibit C was prepared by Hartford's attorneys Heytow & Warnick, P.C., on Hartford's behalf. Defendant further states that the letter served to inform the insured that Hartford was

denying coverage to USA FAB based on the policy provisions cited in the letter. Defendant denies the remaining allegations of Paragraph 7.

8.    Although requested to do so, Defendant has failed and refused and still fails and refuses, to pay the amount of the loss, or any part of the loss, to the Plaintiff.

**ANSWER**:    Defendant states that it denied coverage based on the policy provisions cited in Exhibit C of Plaintiff's complaint.  Defendant denies the remaining allegations contained in Paragraph 8.

9.    That the conduct of the Defendant HARTFORD CASUALTY INSURANCE COMPANY, under the circumstances of this case, has been vexatious and unreasonable, Plaintiff is, therefore, entitled to an award of reasonable attorney fees, court costs and additional compensation pursuant to Section 155(1) of the Illinois Insurance Code.

**ANSWER**:    Defendant denies the allegations contained in Paragraph 9.

<u>**AFFIRMATIVE DEFENSES**</u>

Defendant Hartford Casualty Insurance Company ("Hartford"), by and through its attorneys FISHER KANARIS, P.C., for its Affirmative Defenses to the Complaint of Plaintiff U.S.A. FAB, INC., states as follows:

<u>**FIRST AFFIRMATIVE DEFENSE**</u>

As its first, separate and distinctive Affirmative Defense to each of Plaintiffs' claim, Hartford asserts that the Complaint and each of the purported causes of action contained therein failed to state a claim upon which relief can be granted and should therefore be dismissed pursuant to FED R. CIV. P. 12(b)(6).

4

<u>SECOND AFFIRMATIVE DEFENSE</u>

1.      Hartford issued Policy of Insurance 83 SBA PP9791 to U.S.A. FAB, INC. ( "USA FAB" ), with effective dates of May 6, 2005 to May 6, 2006, subject to all applicable terms, conditions, provisions, exclusions, and not otherwise (the "Policy").

2.      The Policy provides in pertinent part:

## COMMON POLICY CONDITIONS

\*   \*   \*

### C.    CONCEALMENT, MISREPRESENTATION OR OR FRAUD

This policy is void in any case of fraud by you at any time as it relates to this policy.  It is also void if you or any other insured, at any time, intentionally conceal or misrepresent a material fact concerning:

**1.**      This policy;
**2.**      The Covered Property;
**3.**      Your interest in the Covered Property; or
**4.**      A claim under this policy.

3.      Hartford's investigation of Plaintiff's claim revealed that Plaintiff breached the above-quoted provision of the Policy and committed fraud and false swearing by their representative, Paulo Giovagnoli, making material misrepresentations regarding the cause and origin of the fire and the scope and extent  of damages.

4.      Each of the foregoing misrepresentations, acts of intentional concealment and/or false swearing related to material facts of Plaintiff's claim and were made by Plaintiff with the intent that Hartford would rely on the same.

5.      As a result of Plaintiff's breach of the provision quoted in Paragraph 2 above and fraud and false swearing, the Policy is void.

5

6.     Because the named insured breached the Policy and the Policy is void, Plaintiffs cannot assert a claim or recover under the Policy.

<strong>THIRD AFFIRMATIVE DEFENSE</strong>

1.     Hartford issued Policy of Insurance 83 SBA PP9791 to USA FAB, with effective dates of May 6, 2005 to May 6, 2006, subject to all applicable terms, conditions, provisions, exclusions, and not otherwise (the "Policy").

2.     The Policy provides in pertinent part:

<strong>SPECIAL PROPERTY COVERAGE FORM</strong>

*    *    *

**B.     EXCLUSIONS**

*    *    *

**2.**     We will not pay for loss or damage caused by or resulting from:

*    *    *

**e.     Dishonesty**: Dishonest or criminal act by you, any of your partners, employees, directors, trustees, authorized representatives or anyone to whom you entrust the property for any purpose:

**(1)**     Acting alone or in collusion with others; or

**(2)**     Whether or not occurring during the hours of employment.

This exclusion does not apply to acts of destruction by your employees; but theft by employees is not covered.

3.     To the extent the exclusion identified above is applicable to the claim alleged in the Complaint, Plaintiffs' claim is barred by the Policy.

FOURTH AFFIRMATIVE DEFENSE

1.      Hartford issued Policy of Insurance 83 SBA PP9791 to USA FAB, with effective dates of May 6, 2005 to May 6, 2006, subject to all applicable terms, conditions, provisions, exclusions, and not otherwise (the "Policy").

2.      The Policy provides in pertinent part:

**SPECIAL PROPERTY COVERAGE FORM**

*   *   *

**D.      EXAMINATION OF YOUR BOOKS AND RECORDS**

We may examine and audit your books and records as they relate to the policy at any time during the policy period and up to three years afterward.

**E.      PROPERTY LOSS CONDITIONS**

*   *   *

**3.      Duties In The Even Of Loss Or Damage**

You must see that the following are done in the event of loss of or damage to Covered Property.

**a.**      Notify the police if a law may have been broken.

**b.**      Give us prompt notice of the loss or damage. Include a description of the property involved.

**c.**      As soon as possible, give us description of how, when and where the loss or damage occurred.

**d.**      Take all reasonable steps to protect the Covered Property from further damage by a Covered Cause of Loss.  If feasible, set the damaged property aside in the best possible order for examination.  Also keep a record of

7

your expenses for emergency and temporary repairs, for consideration in the settlement of the claim. This will not increase the Limits of Insurance.

e. At our request, give us complete inventories of the damaged and undamaged property. Include quantities, costs, values and amount of loss claimed.

f. Permit us to inspect the property and records proving the loss or damage. Also permit us to take samples of damaged property for inspection, testing and analysis.

g. If requested, permit us to question you under oath at such times as may be reasonably required about any matter relating to this insurance or your claim, including your books and records. In such event, your answers must be assigned.

h. Send us a signed, sworn statement of loss containing the information we request to investigate the claim. You must do this within 60 days after our request. We will supply you with the necessary forms.

I. Cooperate with us in the investigation or settlement of the claim.

j. Resume part or all of your "operations" as quickly as possible.

3. Plaintiffs' compliance with the aforementioned Provisions was a condition precedent to coverage.

4. To the extent Plaintiffs did not comply with the provisions identified above, their claim is barred by the Policy.

8

## FIFTH AFFIRMATIVE DEFENSE

Plaintiffs' Complaint does not describe Plaintiffs' claim with sufficient particularity to enable Hartford to determine all of its Affirmative Defenses to the Complaint. Hartford specifically reserves its right to plead additional Affirmative Defenses which may come to light during the course of this litigation, but which are not determinable by Hartford at the time of filing this pleading.

WHEREFORE, Defendant Hartford Casualty Insurance Company requests this Honorable Court issue an order entering judgment in its favor and against Plaintiff U.S.A FAB, INC., and for such other relief as the Court deems just and appropriate.

## COUNTERCLAIM

Defendant Hartford Casualty Insurance Company ("Hartford"), by and through its attorneys FISHER KANARIS, P.C., for its Counterclaim to the Complaint of Plaintiff U.S.A FAB, INC., states as follows:

1.      Plaintiff/Counter-Defendant U.S.A. FAB is an Illinois corporation duly authorized and existing under the laws of the State of Illinois and, on or before July 21, 2005, was engaged in the business of manufacturing metal signs.

2.      Defendant/Counter-Plaintiff Hartford is an Indiana corporation organized and existing under the laws of the State of Indiana, having its principle place of business located in Hartford, Connecticut, and is authorized to conduct insurance business in the State of Illinois.

3.      Hartford issued Policy of Insurance 83 SBA PP9791 to USA FAB, with effective dates of May 6, 2005 to May 6, 2006, subject to all applicable terms, conditions, provisions, exclusions, and not otherwise (the "Policy").

9

4.     Defendant/Counter-Plaintiff Hartford repeats and re-alleges paragraphs 1 through 3 of its Counterclaim as paragraph 4 of Count I as though fully set forth and alleged herein.

5.     The Policy provides in pertinent part:

**COMMON POLICY CONDITIONS**

\*    \*    \*

**C.     CONCEALMENT, MISREPRESENTATION OR
          OR FRAUD**

> This policy is void in any case of fraud by you at any time as it relates to this policy.  It is also void if you or any other insured, at any time, intentionally conceal or misrepresent a material fact concerning:
>
> **1.**     This policy;
> **2.**     The Covered Property;
> **3.**     Your interest in the Covered Property; or
> **4.**     A claim under this policy.

6.     On July 31, 2005, a fire occurred at 501 W. Algonquin Road, Unit B, Mt. Prospect, Illinois ( the "Premises" ).

7.     Following the July 31, 2005 fire, Plaintiff submitted a Sworn Statement in Proof of Loss to Hartford under the Policy.

8.     Hartford's investigation of USA FAB's claim revealed that USA FAB breached the above-quoted provision of the Policy and committed fraud and false swearing by its representative, Paulo Giovagnoli, making material misrepresentations regarding the cause and origin of the fire and the scope and extent  of damages.

9.     Each of the misrepresentations, acts of intentional concealment and/or false swearing related to material facts of the claim of USA FAB and were made by employees and/or persons acting on behalf of USA FAB with the intent that Hartford would rely on the same.

10

10.    USA FAB understood that it must comply with all duties and obligations imposed upon it by the Policy.

11.    USA FAB understood that by making certain misrepresentations in conjunction with the presentment of a claim under the Policy, it would have committed false swearing under the Policy and breached the Concealment, Misrepresentation or Fraud provision contained in the Policy.

12.    USA FAB has intentionally submitted a claim related to the July 31, 2005 fire in violation of the above quoted Policy provision in a fraudulent attempt to ensure that Hartford will pay Plaintiffs more money than it is rightfully owed under the Policy.

13.    By submitting an intentionally inflated claim and committing false swearing, USA FAB has breached the above noted provision thereby barring its claim and voiding the Policy *ab initio.*

WHEREFORE, Defendant/Counter-Plaintiff Hartford Casualty Insurance Company respectfully requests this Honorable Court:

    a.    Void the Policy *ab initio*;

    b.    Dismiss USA FAB's Complaint in its entirety;

    c.    Order USA FAB to pay Hartford its consequential damages, attorneys' fees and costs relating to this litigation; and

    d.    Order USA FAB to pay Hartford all other relief that this Court deems just and proper.

11

Respectfully submitted,

HARTFORD CASUALTY INSURANCE COMPANY

By:              /s/ Michael A. Wax

Peter E. Kanaris
David E. Heiss
Michael A. Wax
FISHER KANARIS, P.C.
200 South Wacker Drive, Suite 2200
Chicago, Illinois 60606
312.474.1400
312.474.1410 (fax)
pkanaris@fisherkanaris.com
dheiss@fisherkanaris.com
mwax@fisherkanaris.com

## CERTIFICATE OF SERVICE

To:

Timothy H. Okal
Spina, McGuire & Okal
7610 W. North Avenue
Elmwood Park, IL 60707

I, Michael A. Wax, state that on June 26, 2008, I served a copy of the foregoing **Answer to Complaint** on counsel to whom it is addressed, at the address(es) thereon given, via U.S. Mail.

      /s/ Michael A. Wax