IN THE UNITED STATES DISTRICT COURT
FOR THE NORTHERN DISTRICT OF ILLINOIS
EASTERN DIVISION

| | |
|---|---|
| U.S.A. FAB, INC. an Illinois corporation, <br><br>   Plaintiff, <br><br> v. <br><br> HARTFORD CASUALTY INSURANCE COMPANY, a foreign corporation, <br><br>   Defendant. | )<br>)<br>)<br>)<br>)<br>)  No. 08 C 3518<br>)<br>)<br>)<br>)<br>) |

## INITIAL STATUS REPORT

Pursuant to Fed. R. Civ. P. 16(b) and this Court's Standing Order Requiring Initial Status Report for Cases Filed on or After 12/1/07, the parties submit the following initial status report:

A.  **Attorneys of Record**

For Plaintiff:    Timothy H. Okal
                  Spina, McGuire & Okal, P.C.
                  7610 W. North Avenue
                  Elmwood Park, Illinois 60707
                  (708) 453-2800

                  Timothy Okal will be the lead attorney trying the case for Plaintiff

For Defendant:    Peter Kanaris, David Heiss, and Michael Wax
                  Fisher Kanaris, P.C.
                  200 S. Wacker Dr., Ste. 2200
                  Chicago, Illinois 60603

                  Peter Kanaris will be the lead attorney trying the case for Defendant.

B.  **Basis for Federal Jurisdiction**

Jurisdiction is premised upon diversity of citizenship, pursuant to 28 U.S.C. § 1332 in that the Plaintiff is an Illinois corporation and the Defendant is an Indiana corporation with the amount in controversy exceeding $75,000.00.

C.  Nature of the Claims Asserted

Plaintiff, U.S.A. FAB, Inc. has brought an action to recover for property damage which arose as the result of an explosion and fire occurring at the Plaintiff's business premises on July 21, 2005. At the time of the loss, Plaintiff was insured under a policy issued by the Defendant Hartford Casualty Company and submitted a Sworn Statement In Proof Of Loss on December 20, 2005. The Defendant denied the claim on April 11, 2008 and Plaintiff commenced this action. Defendant has filed an Answer, Affirmative Defenses and Counterclaim asserting Plaintiff made material misrepresentations regarding the cause and origin of the fire as well as the scope and extent of the damages.

D.  Name of Any Party Not Served

   None.

E.  Principal Legal Issues

Whether the Plaintiff breached certain provisions of the policy as a result of the representations made concerning the cause of the explosion and fire or the scope and extent of the damages caused by the explosion and fire which would, thereby, void the policy.

F.  Principal Factual Issues

Whether the Plaintiff engaged in making any material misrepresentations regarding the cause of the explosion and fire or regarding the scope and extent of the damages caused by the explosion and fire.

G.  Whether Jury Trial Demanded by Either Party

   Neither party has demanded a jury trial.

H.  Brief Description of Discovery Taken and Anticipated; Suggested Deadlines.

No discovery has yet been taken. The parties anticipate that written discovery will be required to be exchanged between the parties and written discovery will have to be acquired from third-parties such as police and fire authorities, financial institutions and vendors and customers who transacted business with the Plaintiff prior to the loss. Oral depositions will likely be required from former employees of the Plaintiff as well as police and fire authorities and third parties formerly transacting business with the Plaintiff.

The parties propose the following discovery deadlines:

1. The parties shall produce all documents and information set forth in Rule 26(a) on or before August 16, 2008;

2. The parties shall complete written fact discovery by October 16, 2008;

3. The parties shall complete oral fact discovery by March 16, 2009;

4. Plaintiff shall disclose its experts and their opinions by April 16, 2009;

5. Defendant shall disclose its experts and their opinions by May 16, 2009;

6. Expert depositions shall be completed by July 16, 2009;

7. The Parties shall file dispositive motions by August 16, 2009;

8. The parties shall, subject to ruling on any pending dispositive motions, file a final pretrial order by September 16, 2009.

I.  Earliest Date Parties Would Be Ready for Trial; Estimated Length.

Pending ruling on any dispositve motions, the parties would expect to be ready for trial October 1, 2009. The parties estimate the length of the trial would be one (1) week.

J.  Whether Parties Consent to Proceed Before Magistrate.

    The parties do not at this time consent to proceed before the Magistrate.

K.  Status of Settlement Discussions.

    The parties have not engaged in substantive settlement discussions.

L.  Whether Settlement Conference Requested.

    The parties do not request a settlement conference at this time.

Respectfully submitted,

                          HARTFORD   CASULATY   INSURANCE COMPANY

                          By:   s/ Michael Wax, with consent
                                One of its attorneys

                          Michael Wax
                          ARDC No. 6278669
                          Fisher Kanaris, P.C.
                          200 S. Wacker Dr., Ste. 2200
                          Chicago, Illinois 60606
                          (312) 474-1400

                          U.S.A. FAB, INC.

                          By:   s/ Timothy H Okal
                                Attorney for Plaintiff

                          Timothy H. Okal
                          ARDC No. 2096560
                          Spina, McGuire & Okal, P.C.
                          7610 W. North Avenue
                          Elmwood Park, Illinois 60707
                          (708) 453-2800